IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                CRIMINAL ACTION NO.    6:12-cr-00059-02

MACK BROOKS,

           Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are multiple motions, responses, and replies that, as clarified by the parties at a motions hearing (ECF 289), ultimately concern two issues: (1) whether Defendant's prior felony drug conviction alleged in the Government's information filed pursuant to 21 U.S.C. § 851 triggers the ten-year sentence enhancement under 21 U.S.C. § 841(b)(1)(C) and, if so, (2) whether this conviction was obtained in violation of the Constitution. The Court now turns to those questions.

### I. BACKGROUND

#### A. Procedural Background of this Case

On May 22, 2012, a Charleston, West Virginia, grand jury returned a three-count superseding indictment against Defendant and Ciara Dawkins. As relevant here, Defendant was charged in Count One of the indictment with conspiracy to distribute quantities of oxycodone and oxymorphone, Schedule II controlled substances, in violation of 21 U.S.C. § 846. (ECF 34.) On April 2, 2013, a Charleston, West Virginia, grand jury returned a second superseding

indictment against Defendant and Dawkins that dropped one count, added another,[1] and changed the start date of the conspiracy charged in Count One.  (ECF 143.)  In the second superseding indictment, Count One alleged that Defendant and Dawkins conspired to distribute quantities of these controlled substances "from in or about October 2009, to on or about February 3, 2012."

On June 27, 2013, the United States filed an information pursuant to 21 U.S.C. § 851 for the purpose of establishing that Defendant had previously been convicted of a felony drug offense.  (ECF 198.)  Pursuant to this information, the Government sought to enhance the maximum potential sentence to which Defendant would be exposed upon conviction of Count One from 20 years to 30 years.

On July 11, 2013, following a three-day jury trial, Defendant was found guilty as to Count One.[2]  (ECF 233.)

On October 2, 2013, the United States filed an amended information for the purpose of correcting a typographical error, namely, changing the date of target conviction from February 10, 2010, to February 10, 2011.[3]  (ECF 251.)  As amended, the Government's section 851 information charges that on or about February 10, 2011, Defendant was convicted in the Common Pleas Court of Hancock County, Ohio, of aggravated possession of drugs in violation of Ohio Revised Code § 2925.11(A) ("Ohio conviction").  (Id.)

On November 20, 2013, Defendant filed a response in opposition to the section 851 information, claiming that his prior conviction had been unconstitutionally obtained.  (ECF 265.)

---

[1] Count Three of the second superseding indictment was subsequently dismissed.  (ECF 208.)

[2] Following the same jury trial, Dawkins was found guilty as to two counts:  conspiracy to distribute quantities of oxycodone and oxymorphone in violation of 21 U.S.C. § 846 and aiding and abetting the possession with intent to distribute a quantity of oxymorphone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  She was sentenced by this Court on December 9, 2013, to a term of imprisonment of 188 months.  (6:12-cr-00059-1, ECF 276.)

[3] Under 21 U.S.C. § 851(a)(1), "[c]lerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."  *Accord.  United States v. Means*, 158 F. App'x 485, 486 (4th Cir. 2005).

On December 5, 2013, the Government filed a motion to dismiss the section 851 information.  (ECF 269.)

On December 9, 2013, the parties appeared before the Court (ECF 274) and the Court continued (ECF 275) Defendant's sentencing hearing to permit the parties to make additional argument regarding the pending section 851 information.

Thereafter, Defendant filed a "Response in Support of the United States' Motion to Dismiss § 851 Information."[4]  (ECF 281.)  In this motion, Defendant contends that his Ohio conviction was not final for purposes of application of the enhanced-penalty provision of 18 U.S.C. § 841(b)(1)(C), and moves the Court to dismiss the section 851 information and instead sentence him within the 20-year statutory maximum set forth in section 841(b)(1)(C).

The Government then filed a "Motion to Withdraw Its Prior Motion to Dismiss Amended Information . . . and Response to the Defendant's Response to Section 851 Information."  (ECF 287.)  In this motion, the Government asserts that its prior motion to withdraw the section 851 information was based on its erroneous belief that Defendant had filed a petition for certiorari in the United States Supreme Court regarding his Ohio conviction, which petition the Government argues would have impacted the finality of Defendant's prior conviction.  The Government also argues that Defendant's Ohio conviction was final for purposes of section 841(b)(1)(C) and constitutionally obtained.

Finally, Defendant filed a "Reply to the Government's Response to Defendant's Response" (ECF 288), in which Defendant challenges the Government's position regarding the finality and constitutionality of his Ohio conviction.

---

[4] Defendant also filed a supplement to this response advising the Court that he was preparing a petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of the Ohio conviction.  (ECF 273.)

### B. *Defendant's Prior Ohio Conviction*

On June 9, 2009, a Hancock County, Ohio, grand jury returned an indictment against Defendant, charging him with aggravated possession of drugs in violation of state law.[5]  (ECF 265-1 at 2 (*State v. Brooks*, 2012-Ohio-5235).)  On or about February 10, 2011, Defendant was convicted in the Common Pleas Court of Hancock County, Ohio, of aggravated possession of drugs in violation of Ohio Revised Code § 2925.11(A).[6]  (ECF 251; ECF 265-1 at 2.)

Defendant appealed this conviction,[7] and on November 13, 2012, the Court of Appeals of Ohio, Third Appellate District, issued an opinion denying his appeal.  (*Id.*)  Defendant appears to have applied for reconsideration of this judgment on November 26, 2012, which application was denied by the Court of Appeals on December 27, 2012.  *See* Notice of Appeal of Defendant-Appellant Mack E. Brooks III at 2, *State v. Brooks*, No. 2013-0247 (Ohio).

Thereafter, on February 11, 2013, Defendant appealed the Court of Appeal's decision to the Supreme Court of Ohio.  *See id*.  On May 8, 2013, the Supreme Court of Ohio refused the appeal.  *State v. Brooks*, 2013-Ohio-1857, 986 N.E.2d 1022 (Table) (Ohio 2013).

Defendant did not timely seek certiorari review of the Supreme Court of Ohio's decision in the Supreme Court of the United States (ECF 273), and the 90-day period in which to do so expired on August 6, 2013, *see* Sup. Ct. R. 13(1).

### II.   PRELIMINARY MATTERS

The order in which the parties have filed their motions, responses, and replies creates the unusual posture of Defendant arguing that the Court should grant the Government's motion to

---

[5]  The indictment was subsequently amended, without objection from Defendant, to change the name of the controlled substance.  (ECF 265-1 at 2 n.1.)

[6]  Defendant does not dispute the fact of conviction.  (ECF 265; ECF 273; ECF 281.)

[7]  The record does not reflect the date on which Defendant appealed his conviction, but there is no indication (or assertion) that such appeal was not timely made under Ohio law.  Indeed, the Court of Appeals addressed the merits of Defendant's appeal in a 70-page decision. (ECF 265-1.)

dismiss the section 851 information over the Government's motion to withdraw that same motion. The Court observes, however, that Defendant also explicitly moves the Court to dismiss the information and sentence Defendant within the statutory maximum set forth in section 841(b)(1)(C). In light of this request and for clarity of the record, the Court construes Defendant's "Response" (ECF 281) as a motion to dismiss the section 851 information.

### III.       SECTION 851 INFORMATION

#### A.  Applicable Law

Pursuant to 21 U.S.C. § 846, any person who "conspires to commit any [drug] offense . . . shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."

Here, where Defendant was convicted of conspiracy to distribute quantities of oxycodone and oxymorphone, Schedule II controlled substances, the parties concur that the applicable penalty provision for Defendant's conviction is 21 U.S.C. § 841(b)(1)(C).

That section provides, in pertinent part, that a person convicted of a covered drug offense:

> . . . shall be sentenced to a term of imprisonment of not more than 20 years. . . . [but that] *[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final*, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . .

(Emphasis added.)[8]

"When a defendant is convicted of a drug conspiracy under 21 U.S.C. § 846, prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence if the conspiracy continued after his earlier convictions were final." *United States v. Smith,* 451 F.3d 209, 224−25 (4th Cir. 2006); *see also United States v. Neely,* 483 F. App'x 800,

---

[8] 21 U.S.C §§ 841(b)(1)(A), (B) contain similar enhanced penalties when a defendant sentenced under those sections "commits such a violation after a prior conviction for a felony drug offense has become final . . . ."

802 (4th Cir. 2012) (unpublished) (noting same); *United States v. Holmes,* 384 F. App'x 219 (4th Cir. 2010) (unpublished) (same).

"[A] prior conviction is final for the purposes of a section 841 enhancement when the time for taking a direct appeal has expired." *United States v. Howard*, 115 F.3d 1151, 1158 (4th Cir. 1997) (citing *United States v. Campbell*, 980 F.2d 245, 250−51 (4th Cir. 1992)); *see also United States v. Suarez*, 682 F.3d 1214, 1220 (9th Cir. 2012) (explaining that "a conviction is not final under § 841(b)(1) while that conviction is subject to direct appellate review, including certiorari"); *United States v. Miller,* 434 F.3d 820, 823 (6th Cir. 2006) (explaining that a conviction becomes final for purposes of section 841(b) "when the time for taking a direct appeal from the judgment of conviction has expired"); *United States v. Meraz*, 998 F.2d 182, 184 (3d. Cir. 1993) ("[T]he test for finality under § 841(b)(1)(B) is whether a prior conviction is subject to attack on direct appeal . . . ."); *United States v. Smith*, 897 F.2d 1168, at *3 (D.C. Cir. March 13, 1990) (unpublished) ("Once ordinary avenues of appeal have been exhausted, or the time to appeal has expired, the judgment becomes final in the sense that word is used in section 841(b)(1)(A)"); *United States v. Morales*, 854 F.2d 65, 69 (5th Cir. 1988) ("[T]he final-conviction language of § 841(b)(1)(B) applies to a conviction which is no longer subject to examination on direct appeal, including an application for certiorari to the United States Supreme Court, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review."); *cf. Howard*, 115 F.3d at 1158 (noting that whether a conviction is "final" for purposes of a section 841(b) enhancement is a question of federal, not state, law).

When the government seeks an enhanced sentence under section 841(b), it must file an information pursuant to 21 U.S.C. § 851, before trial or entry of a guilty plea, stating the prior

convictions it will rely on to justify the enhancement.  21 U.S.C. § 851(a); *accord United States v. Clarke*, 237 F. App'x 831, 833 (4th Cir. 2007).

When a defendant denies an allegation in a section 851 information alleging a prior conviction, or claims that any such conviction is invalid, the Government has the burden of proof beyond a reasonable doubt on any issue of fact.  21 U.S.C. § 851(c)(1).  But when a Defendant claims that a prior conviction was obtained in violation of the Constitution, the Defendant has the burden of proof by a preponderance of the evidence on any issue of fact raised by his response asserting such a challenge.  21 U.S.C. § 851(c)(2).

*B. Discussion*

The parties do not dispute that Defendant's Ohio conviction constitutes "a prior conviction for a felony drug offense."[9]  Rather, the principal question concerns the timing of the Ohio conviction, including its direct appeal, in relation to the conspiracy for which Defendant stands convicted in this case.

Defendant's direct appeal of the Ohio conviction terminated when he failed to timely file a petition for certiorari in the Supreme Court within 90 days of the Ohio Supreme Court's denial of his appeal.  Therefore, Defendant's Ohio conviction became final on August 6, 2013.[10]  *See Howard*, 115 F.3d at 1158 (explaining that "*a prior conviction is final when the time for taking a direct appeal has expired*") (emphasis added).

The time period of the drug conspiracy charged in this case was from October 2009 until on or about February, 3, 2012.  Therefore, consistent with the Second Superseding Indictment

---

[9] "Felony drug offense" is defined in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs . . . ."

[10] The Government does not dispute that this is the date on which Defendant's direct appeal expired.  (ECF 287.)

and the jury's verdict, the conspiracy ended on February 3, 2012.[11]  *See Smith*, 451 F.3d at 224 (explaining that where the indictment alleged that a drug conspiracy began in January 1995 and continued until the indictment was returned on February 25, 2003, by its verdict finding the defendant guilty of that that conspiracy count, "the jury found that the charged conspiracy began in January 1995 and ended in February 2003").

As of February 3, 2012, however, Defendant's direct appeal of his Ohio conviction was still pending in the Court of Appeals of Ohio, Third Appellate District.  Indeed, that court would not affirm Defendant's conviction until November 2012, and it would still be nearly a year and a half before Defendant's direct appeal was completed upon the expiration of the time during which to file a petition of certiorari in the United States Supreme Court.

In light of these facts, the Court is unable to envision a scenario in which the drug conspiracy of which Defendant stands convicted continued *after* the Ohio conviction had *become final*.  *See Smith,* 451 F.3d at 225−26 (providing prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence *if the conspiracy continued after his earlier convictions were final*") (emphasis added).  Accordingly, Defendant's Ohio conviction is not a proper predicate conviction for purposes of enhancing the statutory maximum sentence pursuant to section 841(b)(1)(C).  The Court reaches this conclusion for a number of reasons.

First, this conclusion is consistent with the pertinent authority that the parties have presented and that the Court has otherwise identified.  Specifically, the Fourth Circuit has repeatedly affirmed that for purposes of a section 841 enhancement "*a prior conviction is final when the time for taking a direct appeal has expired*."  *See, e.g.*, *Howard*, 115 F.3d at 1158 (emphasis added).  Moreover, in the context of the type of drug conspiracy charge at issue here,

---

[11] The Government does not argue that the conspiracy continued after this date.  (ECF 287.)

the Fourth Circuit has also repeatedly held that "[w]hen a defendant is convicted of a drug conspiracy under 21 U.S.C. § 846, prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence *if the conspiracy continued after his earlier convictions were final*." *See, e.g.*, *Smith*, 451 F.3d at 225−26 (emphasis added).

Second, *United States v. Howard*, on which the Government relies (ECF 287 at 2 n.1), is not to the contrary.  115 F.3d at 1158.  In *Howard*, a defendant who had been convicted of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 challenged the enhancement of his sentence pursuant to section 841(b).  The defendant had been arrested for the conspiracy charge on February 28, 1995.  *Id.* at 1158.  A month prior to his arrest, however, on January 23, 1995, he had also been convicted of a North Carolina drug felony, and failed to appeal that conviction within the applicable ten-day deadline.  *Id.*

The Fourth Circuit rejected the Defendant's contention that his North Carolina conviction was not "final" for purposes of enhancing his sentence, noting that "a prior conviction is final for purposes of a section 841 enhancement when the time for taking a direct appeal has expired."  *Id.*  Because Defendant had not timely exercised his right to appeal, his conviction became final ten days after January 23, 1995—which was still weeks before his arrest on the federal conspiracy charge.  *Id.*  The circuit court further noted that the Government introduced ample evidence of the defendant's *continued involvement in the conspiracy after* his North Carolina conviction became final.  *Id.*  Indeed, the Defendant had been part of large drug distribution network "for some time prior to his arrest" *id.* at 1153, and "the only thing that aborted [the defendant's] participation in the drug conspiracy was his arrest . . . ." *id.* at 1158.

The Court further explained that this conviction could provide the basis for a section 841 enhancement for Defendant's conspiracy conviction, but that it was important to "focus on the

degree of criminal activity that occurs *after* the defendant's conviction for drug-related activity is final *rather than* when the conspiracy began." *Id.* (citing *United States v. Hansley*, 54 F.3d 709 (11th Cir. 1995) (emphasis added).

Accordingly, *Howard* stands for the proposition that convictions *that become final* during the course of a conspiracy may form the basis for an enhancement under section 841(b)(1)(C). *Id.* at 1158. That is not the situation presented here, however, where Defendant's conviction did not become final until after the charged conspiracy ended. *Compare Smith*, 451 F.3d at 223−25 (holding that "because the conspiracy for which [the defendant] was convicted continued well after his 1996 and 1997 convictions became final, those convictions were properly considered prior convictions for purposes of enhancing his sentence [pursuant to section 841(b)(1)(A)]"); *United States v. Neely*, 483 F. App'x 800, 802 (4th Cir. 2012) (unpublished) (holding that "[b]ecause . . . the conspiracy for which [defendant] was convicted continued well after his 2005 conviction became final, this conviction was properly considered a prior conviction for purposes of enhancing his sentence [pursuant to section 841(b)(1)(B)]."); *United States v. Holmes*, 384 F. App'x 219, 229 (4th Cir. 2010) (unpublished) (affirming the enhanced sentence under section 841(b)(1)(A) for defendant's drug conspiracy charge because "the government presented substantial evidence that [defendant] continued to engage in the conspiracy well after his 1994 convictions became final") (emphasis added); *United States v. Burgess*, 386 F. App'x 433, 435 (4th Cir. 2010) (unpublished) (finding no error with respect to use of a prior felony conviction for possession of crack cocaine in order to increase defendant's statutory minimum sentence where prior conviction "was final prior to [defendant] ending his participation in the [drug] conspiracy"); *see also United States v. Hughes*, 924 F.2d 1354, 1355, 1361−62 (6th Cir. 1991) (holding that defendant's drug conspiracy conviction was properly

10

subjected to enhancement under section 841(b)(1)(A) because the conspiracy ceased approximately three months after the predicate state felony conviction became final where defendant did not appeal the state conviction or sentence).

Third, the Court is not persuaded otherwise by the Government's suggestion that the Ohio courts' subsequent decisions affirming Defendant's conviction means that the conviction retroactively "becomes final" as of the date of conviction, as opposed to the date that Defendant's direct appeal concludes. The Government cites no authority in support of this contention, and such an approach appears contrary to the way that the Fourth Circuit has construed section 841(b)'s finality requirement.

For example, in *United States v. Campbell*, the Fourth Circuit held that a Virginia deferred conviction resulting in a sentence of probation for a first-time drug offender was a prior conviction for purposes of a section 841(b) sentence enhancement. 980 F.2d at 249−51. As relevant here, the court determined that the defendant's Virginia conviction "was 'final' under section 841 on June 23, 1990, thirty days after [defendant's] May 24, 1990 sentencing" because no appeal was filed within the 30-day timeframe provided for by the applicable Virginia Supreme Court Rule. *Id.* at 251 n.9.

Fourth, the Court is also not persuaded by the Government's attempt to analogize this provision to the felon-in-possession statute, 18 U.S.C. § 922(g)(1), which provides that "[i]t shall be unlawful for any person . . . *convicted in any court* of, a crime punishable by imprisonment for a term exceeding one year . . . to possess . . . any firearm . . . ." (Emphasis added.) In contrast to section 841(b)(1)(C), neither that section nor the statutory definition of a "crime punishable by imprisonment for a term exceeding one year" contains any restriction on that prior conviction having become final. *See* 18 U.S.C. §§ 922(g)(1), 921(a)(20); *cf. United States v.*

11

*Leuschen*, 395 F.3d 155, 158 (3d Cir. 2005) (noting that "the only qualification imposed by § 922(g)(1) is that the predicate conviction carry a potential sentence of greater than one year of imprisonment"); *Burrell v. United States*, 384 F.3d 22, 27−28 (2d Cir. 2004) (explaining that "[i]n determining whether a defendant 'has been convicted' of the predicate felony required by § 922(g)(1), the determinate factor is defendant's criminal record at the time of the charged possession. . . . [I]t is the 'mere fact of [a prior] conviction' at the time of the charged possession, not the 'reliability' of the conviction, that establishes the § 922(g)(1) predicate") (citations omitted).  The Court declines to read the express inclusion of a finality requirement in 21 U.S.C. § 841(b) as mere surplusage, particularly when the Fourth Circuit has read that requirement to mean the expiration of time for taking a direct appeal.  *See, e.g.*, *Duncan v. Walker,* 533 U.S. 167, 174 (2001) ("We are . . . reluctant to treat statutory terms as surplusage in any setting.") (internal quotation marks and citations omitted); *cf. United States v. Pressley*, 359 F.3d 347, 349−50 (4th Cir. 2004) (construing 18 U.S.C. § 924(e) and expressly "declin[ing] to treat the word 'previous' as mere surplusage" where the statute provided for a mandatory minimum penalty "[i]n the case of a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . committed on occasions different from one another").

Fifth, this conclusion is consistent with the plain language of section 841(b)(1)(C), which provides for an enhanced penalty "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final."  Like the phrases "become final" and "prior conviction," the phrase "commits such a violation" is also not defined in section 841(b)(1)(C).  But the verb "commit" means "to perpetrate (a crime)", Black's Law Dictionary (9th ed. 2009) (West), and the language plainly references the drug offense conduct for which a Defendant is charged.  There is simply no indication that the statute means anything other than

12

what it says:  that is, that "a person who commits a federal drug violation, after a prior conviction for another drug offense has become final, is subject to . . . ten years' enhancement of his federal sentence."  *Campbell*, 980 F.2d at 249.[12]

Finally, this conclusion is also consistent with the manner in which courts have articulated the policy reasons underlying section 841(b)'s enhancement provisions.  As the Fourth Circuit observed in *Howard*, adopting the reasoning of the Eleventh Circuit in *United States v. Hansley*, 54 F.3d 709 (11th Cir. 1995), "because the 'purpose of the mandatory minimum enhancement [in section 841] is to target recidivism, it is more appropriate to focus on the degree of criminal activity that occurs *after the defendant's conviction for drug-related activity is final* rather than when the conspiracy began.'"  115 F.3d at 1158 (emphasis added); *see also Holmes*, 384 F. App'x at 229 (noting that "[the defendant's] continued participation in the conspiracy after his prior drug convictions became final is precisely the type of recidivism to which section 841 is addressed"); *Hughes*, 924 F.2d 1361 (noting that the purpose of the statute "is to target recidivism").

## IV.   CONCLUSION

For these reasons, the Court finds that as a matter of law Defendant's offense of conviction was not committed after his Ohio conviction became final, and further finds that the Government has not proven beyond a reasonable doubt the fact that Defendant had been convicted of a prior felony drug offense that had become final at the time that he committed the offense of which he stands convicted in this case.  As such, the Court finds that the enhancement

---

[12] Because the Court finds the meaning of the statute to be plain, it need not resort to the rule of lenity.  *See United States v. Bishop*, 740 F.3d 927, 934 (4th Cir. 2014) ("'[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute'") (quoting *Barber v. Thomas*, 560 U.S. 474 (2010)).  Nevertheless, were the meaning not found to be plain, as between the constructions proposed by the Government or Defendant, application of the rule of lenity would favor the adoption of the construction proposed by Defendant.

contemplated by the Government's section 851 information is inapplicable, and the Court will sentence Defendant within the 20-year maximum provided by 21 U.S.C. § 841(b)(1)(C).

In light of this disposition, the Court has no occasion to reach Defendant's challenge to the constitutionality of his Ohio conviction.

Accordingly, the Court **CONSTRUES** Defendant's response in support of the Government's motion to dismiss the section 851 information [ECF 281] as a motion to dismiss the section 851 information, **DIRECTS** the Clerk to amend the docket to alternatively construe that filing [ECF 281] as a motion to dismiss the amended information, **GRANTS** Defendant's motion to dismiss [ECF 281], and **ORDERS** that the amended section 851 information [ECF 251] be **DISMISSED**.

Additionally, the Court **GRANTS** the Government's motion to withdraw its motion to dismiss the amended information [ECF 287], and **DIRECTS** the Clerk to withdraw that motion [ECF 269].

Finally, for reasons appearing to the Court and in light of Defendant's upcoming sentencing, Defendant's motion for a transfer [ECF 312] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:        August 7, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE